Marti51, J.
áélive^d the opinion of the court. This suit is brought on a promissory note, made by thé defendánt, duly endorsed to the plaintiffs. The property of the defendant was attached in the hands of Linton & Wilkins, Who neglecting to answer the interrogatories, judgment was rendered against them, for the amount of the debt to be recovered against the defendant.
After the trial had been begun and proceeded on, and two witnesses had been examined, a motion was made by me defendant that the attachment be dissolved. This was resisted by the plaintiffs’ cou isel, on the ground that the motion was too late : the law only permitting suca a notion to be nade at any time, before the trial of the cause, á Martin’s Digest, 5 id- *369 There was judgment for the plaintiffs, and the , „ , , , defendants appealed.
The case is submitted to us without argument.
A motion to dissolve an attachment is in the nature of a plea in abatement, and, if successful, its effect is perfectly the same. It ought, therefore, to be made in limine litis, and cannot be attended to after the trial of the cause has begun. The parish court was correct in disallowing the motion.
< On the merits, the action being brought by the endorsees of a note, and the general Issue being pleaded, it behooved tbe plaintiffs to prove the signatures of the maker and endorser.
Two witnesses depose that they have often seen the maker write, and they believe that he subscribed the note: this so far suffices ; as to the endorser’s signature they believe it to be genuine. But nothing shews, in the least, that they are acquainted therewith.
As they inform us, they have often seen the maker write, and produce a letter of his, in order to satisfy our minds that they know his signature, and, as they are perfectly silent in this respect, with regard to that of the endorser, we cannot conclude that they spoke, as to it, with the like certainty.
*370 To believe and to know are different things. The mere belief of a witness, without any additional circumstance, raises but the slightest presumption. If a man, with whom 1 have the least acquaintance, and of whom I know nothing disadvantageous, offer me a note, I will believe it genuine, and not suspect him of intended fraud. But this belief will not induce me to stake a large'sum thereon : before I do so, I will expect something further. Now, if men will not trust their important interests on jperebbelief, those whose duty it is to dispose of the. property of others, cannot proceed on the assurance which an honest man gives them, that he believes the disputed fact to be as the plaintiff asserts, contrary to the defendant’s denial.
A belief, which results from the inspection of the handwriting of a person whom we have often seen write, or whose letters we have often received, is prima facie, evidence, strong presumption 8f stabit presumptio doitec contrarivm probetur. But when we have not the ground of the belief of a witness, his naked assertion, that he believes, raises only the slight presumption, which moveth not at all. Part. 3, 10, ¾9.
The parish, court, in our opinion, erred in giving judgment for the plaintiffs.
Workman for the plaintiffs, Carleton for the defendants.
It is, therefore, ordered, adjudged and creed, that the judgment be annulled, avoided and reve ..-sed, and that there be judgment for the defendants, as in the case of a nonsuit, with costs in both courts.